[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2007
THOMAS K. KAHN
CLERK

No. 07-11580
Non-Argument Calendar

_____

D. C. Docket No. 06-00390-CR-T-30TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO CORDOVA-ESPINOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 31, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Roberto Cordova-Espinoza appeals his concurrent 135-month sentences

imposed following his plea of guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 App. U.S.C. §§ 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii) and his plea of guilty to the underlying offense of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 App. U.S.C. §§ 1903(a) and (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

## I. BACKGROUND

On September 12, 2006, a United States Coast Guard team stopped a go-fast vessel driven by Espinoza, who was accompanied by three other crew members. On board, the Coast Guard team discovered 2,978 kilograms of cocaine. Espinoza was the captain or master of the vessel and spoke on behalf of the crew members in admitting their involvement in the drug trafficking operation.

At sentencing, Espinoza raised two objections to the Presentence Investigative Report ("PSI"). First, Espinoza argued that the recommended enhancement for his role as captain of the vessel was unwarranted because he: (1) was only a de facto captain due to the pre-assigned captain's failure to show for the voyage; (2) possessed only elementary boating skills; and (3) received no

2

additional compensation for being captain. Second, Espinoza argued that a minor role reduction was warranted because: (1) the boat and drugs were not his; (2) he received no profits from the sale of the cocaine (other than his expected pay of $3,658); (3) he did not develop the route; (4) he had no role in the distribution of the drugs; and (5) he was not the recipient of the drugs.

The district court granted the first objection and denied the second. The resulting guideline range was 135-168 months. The district court determined that a 135 month sentence was appropriate.

## II. DISCUSSION

On appeal, Espinoza argues that the district court: (1) clearly erred by denying him a minor-role reduction; and (2) imposed an unreasonable sentence.

### A. Minor Role Reduction

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant, as the proponent of the downward adjustment, bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. In determining the defendant's role, the decision falls within the sound discretion of the district court: "a trial court's

choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." *Id.* at 945. A district court, however, "is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." *Id.* at 940.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). In determining whether a minor-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines." *De Varon*, 175 F.3d at 940. Under the first prong, which may be dispositive in many cases, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." *Id.* at 945. We have held that relevant conduct is the "conduct attributed to the defendant in calculating [his] base offense level." *Id.* at 941. Under the second prong, the district court may "measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id.* at 945. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less

4

culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than *most other participants* in [the] relevant conduct." *Id.* at 944.

Under the first prong, Espinoza's claim fails because the relevant conduct for which he was held accountable, conspiring to import and possessing 2,978 kilograms of cocaine, was identical to his actual conduct in the offense. Because Espinoza was only held accountable for the drugs that were on the boat he was personally transporting, "[the] district court [could] legitimately conclude that [Espinoza] played an important or essential role." *De Varon*, 175 F.3d at 942-43.

As for the second prong, Espinoza asserts that the other crewmen received minor-role reductions and their conduct was indistinguishable from his own. Espinoza adds that two of the crewmen received the same pay as Espinoza. This argument is unavailing. Although Espinoza was not hired as the captain of the vessel, the record supports that he was recognized by the fellow crewmen as being the one in charge and that he maintained that leadership role during the interviews with the Coast Guard. Therefore, the district court could have legitimately found that Espinoza was not less culpable than the other crewman on the boat. We conclude that the district court did not clearly err in denying Espinoza a minor-role reduction.

*B. Unreasonable Sentence*

We review the final sentence imposed by the district court for reasonableness.[1] *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). Reasonableness review is deferential and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.* at 788. We review only the final sentence for reasonableness rather than each individual decision made during the sentencing process. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).[2] "[W]e will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 3040, — L. Ed. 2d — (2007). The district court, however, is not required "to state on the record that it has explicitly considered each of the §

---

[1] The government asserts that the standard is plain error given that Espinoza did not raise the reasonableness argument below. We need not decide the question because Espinoza's argument fails under a plain error or reasonableness standard.

[2] In *Rita v. United States*, — U.S. —, 127 S. Ct. 2456, 2467-68, 168 L. Ed. 2d 203 (2007), the Supreme Court upheld other circuits' decisions affording a presumption of reasonableness to sentences within the properly calculated Guidelines range; however, this circuit does not apply such a presumption. *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007).

3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

The factors in 18 U.S.C. § 3553(a) include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

In this case, the district court did not impose an unreasonable sentence. Espinoza argues that his remorse, his difficult living conditions in Mexico, his need to support his children as a fisherman, and his individual history and characteristics support a shorter sentence. Although the district court considered these arguments, it nonetheless found that the sentence sufficiently addressed Espinoza's criminal conduct, and it was not unreasonable to do so. Espinoza also argues that because he received a 135-month sentence and his three codefendants received 70-month sentences, his sentences create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C § 3553(a)(6). The fact that disparity exists

between Espinoza's sentence and his codefendants is not controlling. We have held that "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).[3] This holding is especially applicable here where Espinoza maintained a leadership role upon the vessel and, as such, he was not similarly situated to his codefendants.

In addition, a sentence within the applicable guideline range has an expectation of reasonableness. *Talley*, 431 F.3d at 788. Espinoza's 135-month sentence was at the lowest end of the guideline range, and far below the statutory maximum for his crimes, which was life imprisonment. *See United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006), *cert. denied*, — U.S. —, 126 S. Ct. 2946, 165 L. Ed. 2d 976 (2006) (concluding that a sentence almost one-third the length of the statutory maximum sentence was reasonable). Accordingly, we affirm.

**AFFIRMED.**

---

[3]In *Regueiro*, we explained: "[T]o adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." *Regueiro*, 240 F.3d at 1326.